UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRANKLIN FERNELIS PEREZ JIMENEZ, ATONIO POLANCO, and CARLOS ANDRES PENA TAVAREZ,<br><br>Plaintiffs,<br><br>-against-<br><br>FUTURE EQUIMENT INC., WILNER MONDOR, and MICHAL'S QUALITY TRANSPORTATION INC.,<br><br>Defendants. | 26-CV-02894 (JHR) (RFT)<br><br>**OPINION & ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

This is a personal injury action brought by Plaintiffs Franklin Fernelis Perez Jimenez ("Plaintiff Jimenez"), Antonio Polanco ("Plaintiff Polanco"), and Carlos Andres Pena Tavarez ("Plaintiff Tavarez") (together, "Plaintiffs") against Defendants Future Equipment, Inc., Wilner Mondor, and Michal's Quality Transportation Inc. (together, "Defendants") arising out of a motor vehicle accident in New Rochelle, New York. Before the Court is Defendants' motion to disqualify Mr. David A. Feinerman as Plaintiffs' counsel. (*See* ECF 15.) For the reasons stated below, Defendants' motion is **GRANTED**. Mr. Feinerman is ordered to provide Plaintiffs with a copy of this order on or before **July 10, 2026**.

I.      **Background**

On January 20, 2026, Plaintiff Jimenez, Plaintiff Polanco, and Plaintiff Tavarez filed a negligence action in the Supreme Court of the State of New York, Bronx County, against Defendants Future Equipment, Inc. and Wilner Mondor alleging that Plaintiffs sustained injuries

1

in an automobile accident on I-95 when a motor vehicle operated by Future Equipment and Wilner Mondor sideswiped their motor vehicle, which was driven by Plaintiff Jimenez. (*See* ECF 1-1, Plaintiffs' New York State Summons and Verified Complaint ¶¶ 7-8, 10-11, 18-19, 21-22, 29-30, 32-33.) Future Equipment and Wilner Mondor answered on March 5, 2026, denying Plaintiffs' allegations and asserting a counterclaim that "if the answering defendants are found liable as to the plaintiffs, [Plaintiff Polanco] and [Plaintiff Tavarez], for the injuries and damages as set forth in the plaintiffs' Verified Complaint, then . . . [Plaintiff Jimenez] . . . will be liable over jointly and severally to the answering defendants and bound to fully indemnify and hold the answering defendants harmless . . . . " (ECF 1-3, Defendants' Answer to New York State Verified Complaint ¶ 41.)

On March 23, 2026, Plaintiff amended the Complaint to add Michal's Quality Transportation, Inc. as a defendant. (*See* ECF 1-2, Plaintiffs' New York State Amended Complaint ¶ 3). On March 24, 2026, Defendants filed an answer to the amended complaint, again denying all allegations and asserting the same counterclaim against Plaintiff Jimenez. (*See* ECF 1-4, Defendants' Answer to Plaintiffs' New York State Amended Verified Complaint ("Ans. to Am. Compl.") ¶ 41.) On April 8, 2026, Defendants timely filed a Notice of Removal. (*See* ECF 1, Notice of Removal.)

On April 16, 2026, this matter was referred to me for general pretrial purposes. (*See* ECF 4, Order of Reference.) On April 21, 2026, I held a status conference at which I ordered Plaintiffs to respond to Defendants' counterclaim by May 1, 2026. (*See* ECF 7, Apr. 22, 2026 Order.) I also ordered Defendants to file a letter on the docket by May 8, 2026 informing the Court of whether they intended to file a motion to disqualify Mr. Feinerman as Plaintiffs' counsel. (*See*

*id*.) After extending both deadlines nunc pro tunc (ECF 8, 10), on May 5, 2026, Plaintiffs filed their answer to Defendants' counterclaim, denying all allegations. (*See* ECF 9, Plaintiffs' Verified Reply to Defendants' Counterclaim.) On May 11, 2026, Defendants filed a letter informing the Court that they would file motions to disqualify Mr. Feinerman as Plaintiffs' counsel. (*See* ECF 11, May 11, 2026 Letter.)

On May 20, 2026, Defendants filed their motion to disqualify Mr. Feinerman as Plaintiffs' counsel (the "Motion") and all supporting papers. (*See* ECF 15, Defendants' Mot. To Disqualify ("Defs.' Mot. to Disq.").) On May 22, 2026, in light of the Motion, I stayed this matter until July 2, 2026. (May 22, 2026 Order.) On June 12, 2026, Mr. Feinerman filed an affirmation in opposition to the Motion (ECF 19, Affirmation of David Feinerman in Opposition to Defendants' Motion to Disqualify Plaintiffs' Counsel ("Feinerman Aff.")), and on June 15, 2026, Defendants' counsel filed an affirmation in further support of the Motion (ECF 20, Reply Affirmation of Alexys M. Mantione in Further Support of Defendants' Motion).

## II.    Legal Standards

### A.    Motions To Disqualify Counsel

In adjudicating a motion to disqualify counsel, a court must attempt "to balance a client's right to freely choose his counsel against the need to maintain the highest standards of the profession." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005)[1]. "The authority of federal courts to disqualify attorneys derives from their inherent power to preserve the integrity of the adversary process." *Id*. When an attorney may be in a

---

[1]    Unless stated otherwise, this opinion and order omits internal quotation marks, citations, and quotations from quoted text.

position where "he could use a client's privileged information against that client," the adversary process may be tainted, and counsel may be disqualified. *Id*. at 133. "In reviewing disqualification motions, courts often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary rules," but violations of such rules do not necessarily warrant disqualification.  *Cohen v. Strouch*, No. 10-CV-7828 (DLC), 2011 WL 1143067, at *2 (S.D.N.Y. Mar. 24, 2011).

"The standard for disqualification varies depending on whether the representation is concurrent or successive." *Hempstead Video*, 409 F. 3d at 133. In determining whether the concurrent or successive standard applies, courts assess the status of the relationship "at the time the conflict arises." *First NBC Bank v. Murex, LLC*, 259 F. Supp. 3d 38, 68 (S.D.N.Y. 2017). Concurrent representation, which refers to "an attorney's simultaneous representation of one existing client in a matter adverse to another existing client," is "prima facie improper." *GSI Com. Sols., Inc. v. BabyCenter, L.L.C.*, 618 F.3d 204, 209 (2d Cir. 2010). As such, the allegedly conflicted attorney must show that at minimum, "there will be no actual or apparent conflict in loyalties or diminution in the vigor of his representation." *Id*. This is a "burden so heavy that it will rarely be met." *Id*.

B.    <u>Dual Representation of a Driver and Passengers in an Automobile Accident</u>

With few exceptions, courts prohibit lawyers from representing both the driver and passengers of the same automobile involved in an accident. *See Bostic v. United States*, No. 22-CV-5058 (DLI) (PK), 2026 WL 146709, at *1 (E.D.N.Y. Jan. 20, 2026); *Cohen*, 2011 WL 1143067, at *3; *Diaz v. Gomez*, 252 N.Y.S.3d 736, 738 (2d Dep't 2026). This is because if a lawyer's concurrent representation prevents the passengers from asserting claims against the driver, the

passengers "run a risk of nonrecovery in the event that the named defendant is exculpated from fault." *Bostic*, 2026 WL 146709, at *1. But "even if the plaintiff-passenger does not assert claims against the plaintiff-drive," the conflict of representing both passengers and driver remains because "the passenger's and driver's interests will continue to be different throughout the litigation." *Castillo Abreu v. Alvarez*, No. 21-CV-1641 (RER) (VMS), 2024 WL 5251985, at *2 (E.D.N.Y. Dec. 31, 2024).

Once a conflict of interest exists, the conflicted lawyer representing the two conflicted parties must withdraw as counsel for both the driver and passengers. *See id*. at *3. Otherwise, "continued representation of either or both parties would result in a violation of the ethical rule requiring an attorney to represent a client zealously." *Id*. And even if the lawyer never obtained confidential information from the discontinued client, the conflict of interest remains in continuing to represent the other client. "Irrespective of any detriment, the [discontinued client] is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in consequence of representation of the [retained client] by the [discontinued client's] former attorney." *Gabri v. Niagra Cty.*, 486 N.Y.S.2d 682, 685 (Niagra Cty. Sup. Ct. 1985).

III.    Discussion

There is a conflict of interest inherent in Mr. Feinerman's concurrent representation of both the driver, Plaintiff Jimenez, and the passengers, Plaintiff Polanco and Plaintiff Tavarez, of one of the automobiles in the accident central to this case. The only way Mr. Feinerman would be able to zealously represent the interests of Plaintiffs Polano and Tavarez is if he could evaluate the potential liability of his other client in this matter, Plaintiff Jimenez, as one of the drivers in the automobile accident. *See Abreu*, 2024 WL 5251985, at *2 ("At a minimum, at the

5

outset of representation of the passenger, counsel should assess the possibility of bringing claims against the driver, which would put counsel's clients in adverse positions and preclude dual representation.").

Further, Rule 1.7 of the New York Rules of Professional Conduct provides in part that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict exists if . . . the representation of one client will be directly adverse to another client." N.Y. Comp. Codes. R. & Regs. tit. 22, § 1200.00 (2022), Rule 1.7(a)(1). Defendants have asserted a counterclaim against Plaintiff Jimenez, alleging that if Plaintiffs Polano and Tavarez sustained any injuries and damage as a result of the automobile accident underlying this matter, those injuries and damages "arose out of the several and joint carelessness, recklessness, acts, omissions, negligence and breaches of duty" of Plaintiff Jimenez. (ECF 1-4, Ans. to Am. Compl. ¶ 41.) And "once the [Defendants] asserted a counterclaim, the pecuniary interests of the driver conflicted with those of the passenger." *Shelby v. Blakes*, 11 N.Y.S.3d 211, 213 (2d Dep't 2015) (reversing the trial court's denial of the defendant's motion to disqualify counsel where the plaintiffs' counsel represented both the driver and passenger of an automobile struck by the defendant driver's automobile).

Plaintiffs raise two primary arguments as to why the motion to disqualify should be denied, both of which are unpersuasive. First, Plaintiffs argue that there is no question as to whether Plaintiff Jimenez can be found liable and that Defendants' inclusion of a counterclaim does not mean that questions of fact regarding Plaintiff Jimenez's liability exist.  (*See* ECF 19, Feinerman Aff. at 1-2.) Plaintiffs point to no case law or any body of law to support this argument. Further, Plaintiffs' argument as to Plaintiff Jimenez's liability rests solely on the police

report of the accident. (*See id.*) But as Defendants note, "there has been no determination as to liability, [and] it is entirely possible that a jury finds the plaintiff-driver at fault." (ECF 15, Defs' Mot. To Disq. at 3.)

Plaintiffs' other argument is that Plaintiffs Polanco and Tavarez have attested by affidavit that they have foregone the opportunity to pursue legal action against Plaintiff Jimenez and that as a result there is no conflict of interest. (*See* ECF 19, Feinerman Aff. at 2; ECF 19-1, Affidavit of Antonio Polanco; ECF 19-2, Affidavit of Carlos Tavarez.) But, as noted above, "even if the plaintiff-passenger does not assert claims against the plaintiff-driver," the conflict of representing both passenger and driver remains because "the passenger's and driver's interests will continue to be different throughout the litigation." *Castillo Abreu*, 2024 WL 5251985, at *2.

While Plaintiffs do not explicitly raise this as an argument in their opposition brief, Plaintiffs Polanco and Tavarez state in their affidavits that they waive any conflict of interest in Mr. Feinerman's representation of Plaintiff Jimenez. (*See* ECF 19-1, Affidavit of Antonio Polanco; ECF 19-2, Affidavit of Carlos Tavarez.) But a conflict of interest is unwaivable where, as here, the pecuniary interests of Plaintiff Jimenez and Plaintiffs Polanco and Tavarez are at odds with one another due to Defendants' counterclaim against Plaintiff Jimenez. *See Castillo Abreu,* 2024 WL 5251985, at *5. Conflicts of interest between passengers and drivers are still nonwaivable even when a counterclaim is not brought against the plaintiff-driver where, like here, under a reasonable lawyer standard, the attorney "[would not] be able to provide competent and diligent representation to each affected client" due to the still-existing issue of the driver's negligence. *Cohen*, 2011 WL 1143067, at *5.

7

**IV.      Conclusion**

For the foregoing reasons, Defendants' motion to disqualify Mr. Feinerman as Plaintiffs' counsel (ECF 15) is **GRANTED**. On or before **July 10, 2026**, Mr. Feinerman must (a) provide all Plaintiffs with a copy of this Order, (b) inform each group of plaintiffs that they must find a new lawyer or litigate the case themselves, (c) provide the Court with contact information for each plaintiff, and (d) file onto the docket proof of completing all of the foregoing. On or before **August 10, 2026**, Plaintiff Jimenez and Plaintiffs Polanco and Tavarez shall each file a letter, separately as driver-plaintiff and as passenger-plaintiffs, stating that they will represent themselves pro se, or their new lawyers must file notices of appearance. The stay on this case is extended until **August 10, 2026**.

The Clerk of Court is respectfully requested to terminate ECF 15.

DATED:  July 2, 2026                                SO ORDERED.
         New York, NY

_____

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**